J-S27021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW JASON HAILEY | : | |
| | : | |
| Appellant | : | No. 2819 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 28, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007753-2009

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 30, 2020**

Matthew Jason Hailey (Appellant) appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas following the revocation of his probation.  Appellant argues the trial court did not have jurisdiction to sentence him on a violation of probation when he had not begun serving his probationary sentence.  Because appointed counsel failed to preserve any claims on appeal, we remand for further proceedings.

On September 27, 2010, Appellant entered an open guilty plea to 12 counts of burglary at trial court Docket No. CP-46-CR-0007753-2009 (7753-2009).  The global plea included additional burglary counts at two other trial court dockets, neither of which are at issue here.  That same day, the court sentenced Appellant to an aggregate term of 7½ to 20 years' imprisonment

_____

[*] Former Justice specially assigned to the Superior Court.

at the other dockets, and 10-year probationary terms for each of the burglary counts at Docket No. 7753-2009. The court directed the probationary sentences run concurrently with each other, but consecutively to sentence of imprisonment at the other dockets.[1]

Appellant filed a timely direct appeal *pro se*, which was dismissed pursuant to Pa.R.A.P. 3517 when he failed to filed a docketing statement. ***Commonwealth v. Hailey***, 3253 EDA 2010 (Pa. Super. 2011). Appellant also filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA).[2] Counsel was appointed, but later filed a ***Turner/Finley***[3] "no merit" letter and petition to withdraw as counsel. The PCRA court granted counsel's petition to withdraw and, on March 14, 2012, dismissed Appellant's petition. No appeal was filed.

In February of 2017, Appellant was released on parole for the charges at the other dockets after serving his minimum sentence. Appellant subsequently violated the terms of his supervision, and the Commonwealth sought to revoke his probation at Docket No. 7753-2009. The trial court summarized the ensuing procedural history as follows:

---

[1] The trial court subsequently amended the prison terms to an aggregate 6 ½ to 20 years, but did not modify the probationary sentences at issue herein. ***See*** Order, 12/27/2010.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

On June 27, 2019, Appellant and his court-appointed counsel, Douglas Dolfman, Esquire, appeared before the court for a [c]ontested [revocation] hearing . . . . At the conclusion of the June 27, 2019 hearing, the court found [ ] Appellant to be in violation of his probation. However, sentencing . . . was deferred to allow counsel for [ ] Appellant and the Assistant District Attorney to submit briefs to [the trial court] within forty-five (45) days regarding alleged double jeopardy and alleged harsh and excessive sentencing arguments put forth by counsel for Appellant at the June 27, 2019 hearing. The Montgomery County District Attorney filed its brief on August 12, 2019. Counsel for Appellant did not file a brief on behalf of Appellant despite being ordered by the court to do so.

On August 28, 2019, Appellant and his counsel appeared before the court for a [s]entencing [h]earing. At the conclusion of that hearing, the court found Appellant to be in violation of probation and revoked the sentence previously imposed on Appellant on November 24, 2010 in [Docket No.] 7753-2009. At the August 28, 2019 hearing, the court sentenced Appellant on counts 1-5 and 7-13 to a five (5) to ten (10) years consecutive sentence at a State Correctional Institution. The court noted on the sentencing sheet that all counts were to run concurrently to each other and consecutively to supervision on another case of [Appellant's]. . . .

On September 27, 2019, counsel for Appellant filed a Notice of Appeal of the court's sentencing order of August 28, 2019 to the Superior Court of Pennsylvania. On September 27, 2019, the court issued an order pursuant to Pa.R.[A.]P. 1925(b) directing Appellant to file and serve a Concise Statement of Errors Complained of on Appeal within twenty-one (21) days from [the] date of that order's entry on the docket. The court noted in that order that any issue not properly included in the statement timely filed and served pursuant to [Rule] 1925(b) would be deemed waived.

Trial Ct. Op., 11/26/19, at 1-2 (footnote omitted).[4]   The docket indicates counsel filed an untimely Rule 1925(b) statement on March 2, 2020, after the trial court issued its opinion, and the record was sent to this Court.

Appellant raises one issue in his brief:

Did the violation of probation court err by sentencing [ ] Appellant to a period of incarceration when it lacked jurisdiction to do so in the matter?

Appellant's Brief at 6.

Rather than address this issue in its opinion, the trial court asserts Appellant waived all claims for review when he failed to file a timely Rule 1925(b) statement.  **See** Trial Ct. Op. at 3.  We agree.

It is well-settled:

[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925.  Any issues not raised in a 1925(b) statement will be deemed waived.

---

[4]   Although the trial court opinion is dated November 25, 2019, it was not docketed and served on the parties until November 26, 2019.  Thus, for citation purposes we identify the opinion as filed on November 26, 2018.  **See** Pa.R.A.P. 108(a)(1) (date of entry of order is the date "the clerk of the court . . . mails or delivers copies of the order to the parties").

Furthermore, we note the transcripts from the June 27 and August 28, 2019, hearings are not included in the certified record, although the docket indicates the transcripts were filed on August 21 and September 13, 2019, respectively.  We direct the trial court to supplement the certified record with these transcripts.

***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998).  ***See also*** Pa.R.A.P.
1925(b).  However, subsection (c)(3) of the Rule provides a safety net for
criminal defendants who, like Appellant, relied on counsel to comply with the
court's order.  At the time the Rule 1925 order was entered in the present
case, the Rule provided:

> If an appellant in a criminal case was ordered to file a Statement
> and failed to do so, such that the appellate court is convinced that
> counsel has been *per se* ineffective, the appellate court shall
> remand for the filing of a Statement *nunc pro tunc* and for the
> preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3) (2014).[5]  Although subsection (c)(3) speaks only to
counsel's failure to file a court-ordered Rule 1925(b) statement, an *en banc*
panel of this Court, in ***Commonwealth v. Burton***, 973 A.2d 428 (Pa. Super.
2009) (*en banc*), held counsel's "untimely filing of the 1925 concise statement
is the equivalent of a complete failure to file[; b]oth are *per se* ineffectiveness
of counsel from which appellants are entitled to the same prompt relief."  ***Id.***
at 433 (footnote omitted).  Effective October 1, 2019, the Rule was amended
to expressly allow an appellate court to remand in criminal cases when "an
appellant, who is represented by counsel, has completely failed to respond to

---

[5] We note Rule 1925 was amended on June 24, 2019, with an effective date
of October 1, 2019.  ***See*** Pa.R.A.P. 1925, *Credits*.  Because the order herein
was entered on September 27, 2019, the language prior to the 2019
amendment controls.

an order to file a Statement **or** has failed to do so timely."[6]  Pa.R.A.P. 1925, *Note* (emphasis added).

Here, the trial court entered an order on September 27, 2019, directing Appellant to file a concise statement within 21 days.  The docket indicates the order was served on the parties on September 30, 2019.  **See** Pa.R.A.P. 108(a)(1) (date of entry of order is the date "the clerk of the court . . . mails or delivers copies of the order to the parties").  Thus, Appellant had until October 21, 2019, to file a timely statement.  However, at the time the court filed its opinion on November 25, 2019, Attorney Dolfman still had not complied with the order.  Trial Ct. Op. at 3.  Although the docket reveals counsel filed a Rule 1925(b) statement on March 2, 2020, that statement was filed **more than four months after** the court issued its opinion, and is not included in the record certified to this Court.

We conclude counsel's failure to file a timely Rule 1925(b) statement in the present case constitutes ineffectiveness *per se*.  **See** Pa.R.A.P. 1925(c)(3); **Burton**, 973 A.2d at 432–33.  We note that in **Burton**, the *en banc* panel

---

[6] Subsection (c)(3) now reads as follows:

> If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3) (2019).

concluded a remand was unnecessary because, despite the untimeliness of counsel's Rule 1925(b) statement, the trial court issued an opinion addressing the sole claim raised in the untimely statement. **Burton**, 973 A.2d at 433. Here, the court did not address any substantive issues in its opinion; rather, it suggested this Court either affirm the judgment of sentence or remand for the filing of a concise statement. We conclude a remand is appropriate under the facts of this case. **See** Pa.R.A.P. 1925(c)(3).

Furthermore, we note that on February 27, 2020, Appellant filed in this Court an application seeking to substitute appointed counsel based upon a litany of perceived missteps. **See** Appellant's Application for Substitution of Appointed Counsel, 2/27/20. This Court entered an order on March 17, 2020, denying the application "in light of the fact that [ ] Appellant's brief has been filed." Order, 3/17/20. However, we now find the appointment of new counsel is warranted upon remand. As noted above, current counsel failed to file a Rule 1925(b) statement until more than four months after the trial court issued an opinion, and provided no explanation for the delay despite the fact the trial court specifically addressed the lack of a Rule 1925(b) statement in its opinion. Moreover, counsel also failed to file a brief following Appellant's revocation hearing, despite being ordered to do so by the trial court. **See** Trial Ct. Op. at 1-2.

Accordingly, we remand this case to the trial court pursuant to Pa.R.A.P. 1925(c)(3). Upon remand, we direct the trial court to (1) appoint new counsel for Appellant within 30 days of receipt of this memorandum; (2) order new

counsel to file a Pa.R.A.P. 1925(b) statement within 30 days of their appointment; and (3) file a supplemental opinion addressing any claims raised in the Rule 1925(b) statement within 45 days of the filing of the statement. We also direct the trial court supplement the record with the transcripts from the June 27, 2019, and August 28, 2019, hearings.[7]

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020

---

[7] The trial court shall notify this Court in writing if it cannot timely complete these directives due to any Covid-19 pandemic-related regulations or issues. In that event, the trial court shall, thereafter, keep this Court appraised of the status of this proceeding.